STATE ex rel. ROBERTSON, Superintendent of Banks, v. BANK OF GRANVILLE.—68 S. W. (2d) 969.

Middle Section.   November 10, 1933.

Petition for Certiorari denied by Supreme Court, March 10, 1934.

V. E. Bockman, of Cookeville, for W. H. and G. L. Cowan.

H. B. McGinness, of Carthage, for D. D. Robertson, receiver for Bank of Granville, and Bank of Granville.

DeWITT, J.   The appeal is from a decree sustaining a petition filed in behalf of W. H. Cowan and G. L. Cowan setting up a claim against the assets of the Bank of Granville in the hands of the superintendent of banks, as receiver, under appointment made on April 2, 1931, under the original bill in this cause, the affairs of said bank being in course of liquidation in accordance with the banking laws of the state of Tennessee.   In the decree a recovery was awarded against A. J. Lambert, the Bank of Granville, and the receiver, of the sum of $400, with interest from February 1, 1933, and costs.   The receiver was directed to pay this sum pro rata with the claims of other creditors of the Bank of Granville. The receiver has appealed.

It is insisted that the court erred in not holding that the petitioners could not maintain their suit because of not having presented their claim to the superintendent of banks for the state of Tennessee, as required by sections 5981-5985 of the Code of 1932.   These sections relate to duties of superintendents of banks acting as receivers and are as follows:

"5981.   *Advertisement for Creditors to Prove Claims by a Given Date After Ninety Days.*—The superintendent shall cause notice, to be given by advertisement in such newspapers as he may direct weekly, once a week for six consecutive weeks, calling on all persons who may have claims, but not including deposits shown by the books of the bank which shall prima facie be a proven claim, against the bank to present the same to the superintendent and make legal proof thereof, at a place and within a time to be specified in the notice, not less than ninety days from the day of the first publication of the notice.

"5982.   *Notice to be Mailed to Creditors Appearing on Books of Bank.*—The superintendent shall mail a similar notice to all persons whose names appear as creditors upon the books of the bank.

"5983.   *Superintendent's Rejection of Claim or Deposit, and Notice Thereof.*—If the superintendent doubts the justice and valid-

ity of any claims or deposits, he may reject the same and serve notice of such rejection upon the claimant or depositor, either by mail or personally, and an affidavit of service of such notice, which shall be prima facie evidence thereof, shall be filed in the office of the superintendent.

5984. *Rejected Claims Must be Sued on Within Six Months, or be Barred.*—An action upon a claim so rejected must be brought by the claimant within six months after such service, or the same shall be barred.

"5985. *Claims Presented and Allowed After Time Fixed in Notice Shall Share in Future Distributions Only.*—Claims presented and allowed after the expiration of the time fixed in the notice to the creditors shall be entitled to share in the distribution only to the extent of the assets in the hands of the superintendent at the time such claims are filed without allowance for previous distribution."

The claim sued on did not appear upon the books of the bank. There is no provision in the statutes that a failure to present a claim to the superintendent shall preclude a claimant from bringing suit to establish his claim. The petitioners did not present their claim to the superintendent before filing their petition; and it appears that advertisement was made by the superintendent, under the aforesaid section 5981. beginning April 8, 1931. The petition was filed on November 24, 1932, which was during the period in which the affairs of the failed bank were being liquidated. We are of the opinion that the chancellor was right in holding that the petitioners were entitled to present their claim thus in this cause by their petition, although they had not presented their claim to the superintendent of banks. They aver in their petition and have proved that until the very week in which their petition was filed, they knew nothing of the alleged conversion by the bank of a trust fund out of which their claim arose. There is no evidence tending to show that they should have known that they had such a claim against the bank.

This claim arose out of the following facts:

The petitioners were sureties on the bond of one A. J. Lambert, as guardian for the minor heirs of J. P. Draper, deceased. As such guardian, Lambert made settlement with all of his wards excepting the two youngest ones, Brethit Gray Draper and Jimmie Draper. When Brethit Gray Draper became of age on April 1, 1932, the guardian was unable to make settlement with him when called upon. Thereupon Brethit Gray Draper filed a bill in the chancery court at Carthage against his guardian and the petitioners as sureties on his bond. Under said bill a decree was rendered against the guardian and the petitioners for the sum of $415.25. The guardian being insolvent, execution was issued against the petitioners and levied on certain of their property. The petitioners

have paid to Brethit Gray Draper the amount thus awarded, excepting the sum of about $23, which remains due and unpaid to him.

On July 13, 1927, Lambert, the guardian, converted to his individual use the sum of $180.05, by drawing a check on the Smith County Bank of Carthage, signing it "A. J. Lambert, Gdn.," in favor of the Bank of Granville on a fund of $280 to his credit as guardian in the Smith County Bank, and deposited the same to his individual account in the Bank of Granville. The proceeds of said check were passed to his individual credit by the Bank of Granville. On February 27, 1928, Lambert deposited in the Bank of Granville the sum of $624.90 to his individual credit and the same was credited by said bank thus to him, but at that time he informed the Bank of Granville that said sum so deposited to his individual credit was "guardian funds," that is, that it was a fund coming to his possession as guardian for the said Brethit Gray Draper and Jimmie Draper, having been paid into his hands by the county court clerk of Smith county as proceeds of sale of lands belonging to his said wards. The whole of the two aforesaid deposits of moneys belonging to said wards, and which had been credited to his individual account, was checked out by Lambert on checks signed by him individually and used for his individual purpose.

The Bank of Granville was thus affected with notice and knowledge that these funds were trust funds in the hands of Lambert and it allowed them thus to be converted to the individual uses and purposes of the guardian. The bank thus became liable to account for these funds.

The petitioners are entitled by subrogation to the rights of Brethit Gray Draper, to set up and have sustained their claim against the assets of the Bank of Granville for the amount thus paid by them; and the acting chancellor did not err in so holding. There is no merit in the insistence made under the last assignment that because there is still a balance of $23 due and unpaid to Brethit Gray Draper, the petitioners are not entitled to have their claim sustained to the extent of the payment made by them. There is no question as to their having made this payment, as it appears so affirmatively and no denial is made. The petitioners do not seek any priority over other creditors, but simply ask that they be allowed to share pro rata with other creditors of the Bank of Granville. They are entitled to this relief.

The decree appealed from is affirmed. The costs of the appeal will be adjudged against the receiver and the surety on his appeal bond.

Faw, P. J., and Crownover, J., concur.